Reed, P. J.,
delivered the opinion of the court.
This case presents novel and troublesome questions, not upon the points involved on the merits, but upon questions of practice under the civil code. The first is whether appellant could properly be made a party to the suit and defendant at the instance of Patricks, the defendants, against whom *178 the suit was brought. The provisions of the code in regard to parties are as follows :
“ Sec. 11. Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein.”
“ Sec. 13. Persons jointly or severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and sureties on the same or separate instruments, may all or any of them .be included in the same action, at the option of the plaintiff.”
“ Sec. 16. The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall order them to be brought in.”
Section 17 provides “ that a person not made a party, who has an interest in the subject-matter of the controversy, may be made a party upon his own application.”
The plaintiff had exercised its option and made its election as provided by section 13, and had proceeded only against the makers; nor is it covered by section 11. lie had and claimed no interest in the controversy adverse to the plaintiff, and, under the law of commercial paper, he was not a necessary party “ to a complete determination or settlement of any question involved therein ” as between the holder and the makers.
The appellant was made a party by reason of the allegations and matters set up in what is termed a “second defense and cross complaint,” and upon a careful examination of it, it will be found to contain no defense against the plaintiff that could be available to either the makers or appellant to pre /ent a recovery upon the note. It was of matters purely personal between the defendants, as to equities alleged to have existed between them in regard to their respective liability. In other words, the liability to the plaintiff was *179 admitted, and the only controversy was one between the defendants as to who should pay it,—questions presenting no defense against the plaintiff, and in which it could have no interest. In cases of this kind, a person necessarily a party defendant must be one whose interests are adverse to the claims of the plaintiff, who can be joined for the purpose of interposing some defense to impeach the note in the hands of plaintiff and prevent a recovery. I can find no authority in the code for the making of defendants in this way in this kind of a case, and under the circumstances and without express authority or authority clearly implied, there was no warrant for it, and the court erred in making appellant a defendant, and in overruling the motion of appellant’s counsel to dismiss. See Waddell v. Darling, 51 N. Y. 327; Hopkins v. Lane, 87 N. Y. 501; Belleau v. Thompson, 33 Cal. 495; Carr v. Collins, 27 Ind. 306; Fischer v. Holmes, 123 Ind. 525; Tyler v. Trustees, 14 Ore. 485.
The paper filed by the defendants Patrick, in which it is asked that appellant be made a party defendant, is called a “second defense and cross complaint.” I can find no authority for a cross complaint.
By section 48, Civil Code, it is provided that the pleadings on the part of the defendant shall be a demurrer to the complaint or a demurrer to the replication or an answer to the complaint.
In section 56, in speaking of what the answer shall con-* tain: “ Second, a statement of any new matter constituting a defense, or counterclaim in ordinary and concise language.” The defense spoken of must of necessity be a defense against the claim of the plaintiff. In section 57 it is said “ that the counterclaim mentioned in the last section shall be one existing in favor of the defendant or plaintiff and against a plaintiff or defendant,” etc.
It will, upon examination, as before stated, be seen that the paper filed was neither a defense to the action nor a counterclaim nor in any manner came within the code provisions. In section 47 it is said: “ The mode of pleading in *180 civil actions and the rules by which the sufficiency of the pleadings shall be determined, shall be as prescribed in this act, and not otherwise.” The pleading was without warrant and should have been disregarded. A cross complaint, in the very nature of things, if allowable, must be against the plaintiff. An original complaint against an outsider, that in no way opposed the right to recover by the plaintiff and interposed no defense, could not be denominated a “cross complaint,” and it certainly was neither a defense or counterclaim. See McMahon v. Allen, 13 How. Pr. (N. Y.) 39; Webster v. Bond, 9 Hun (N. Y.), 437; People v. Albany Railway Co., 15 Hun, 126.
The note having been assigned by appellant after maturity, Patricks, defendants, could interpose any legal defense they had against the payee, but it must have been against the note itself, not an oral contract made at the time or prior to the making of the note, the effect of which was to impeach, invalidate and destroy the note. See 2 Randolph on Com. Paper, sec. 678; Byles on Bills, 169; 1 Daniel on Neg. Inst., secs. 724 to 725a; Borrough v. Moss, 10 Barn. & C. 558; Tiedeman on Com. Paper, sec. 295.
The effect of the so-called “second defense and cross-complaint ” was to impeach and destroy the note. The issues presented and tried were those arising out of an alleged verbal-contract made between the defendants at the time of .making the note, issues in which the plaintiff was not a party and in which it had no interest and which were no defense to the note against the plaintiff.
The authorities are conclusive and innumerable that negotiable commercial paper, like any . other written contract, cannot be impeached or vitiated by oral agreement preceding or contemporaneous with its execution. See, in our own state, St. Vrain Stone Co. v. Denver, U. & P. R. Co., 18 Colo. 211; Dunn v. Ghost, 5 Colo. 134; Randolph v. Helps, 9 Colo. 29; Peddie v. Donnelly, 1 Colo. 421. See, also, Hoyt v. Mead, 13 Hun (N. Y.), 327; Forsythe v. Kimball, 91 U. S. 291; Smith’s Admrs. v. Thomas, 29 Mo. 307.
*181 The court erred in allowing two judgments for the same cause of action. There was no defense made to the judgment in favor of the plaintiff. It was unaffected by any equities existing between the defendants. If appellant was not properly made a party, there must have been a judgment against Patricks for the full amount of the note. If properly made a party defendant, there could have been a judgment against all. There could be but one judgment. Unless a defense was sustained against the note in the hands of the plaintiff, the law fixes the liabilities of the parties, and there can be but one judgment. Neither court nor jury can divide the cause of action and parcel out the liability. Each and all are liable upon the note in solido for the whole amount. By entering separate judgments a defendant would be released by payment of one half that he owed and would be discharged. The other defendant might be insolvent or irresponsible. The result would be the loss by the plaintiff of one half of the money secured by the note.
The judgment of the district court will be reversed and the cause remanded for a trial de novo on the lines above indicated.

Reversed.